IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DERRIAN COLLIE,　　　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　　　　　) | |
| 　　　　　Plaintiff,　　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　　　　　) | |
| vs.　　　　　　　　　　　　　　　　　　　) | Case No. 24-cv-1774-SMY |
| 　　　　　　　　　　　　　　　　　　　　) | |
| HUBERT R. JONES, ASI SOUTHEAST,　　) | |
| INC., and AMERICAN SPECIALITIES,　　) | |
| INC.　　　　　　　　　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　　　　　) | |
| 　　　　　Defendants.　　　　　　　　　　) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Derrian Collie filed a five-count Complaint against Defendants Hubert R. Jones, ASI Southeast, Inc. ("ASI"), and American Specialties, Inc. ("American Specialties"), alleging personal injuries arising from a 2022 trucking accident. Now pending before the Court is Defendants ASI and American Specialties' Motion to Dismiss (Doc. 16). Collie has not responded. For the following reasons, the motion is **GRANTED**.

### Background

On August 10, 2022, a commercial vehicle driven by Hubert Jones collided with Collie's vehicle causing extensive damage to the driver's side of Collie's vehicle. Collie alleges that "upon information and belief, at the time and date of the crash, Defendant Jones was employed by and/or authorized, actual, or apparent agent, servant and/or employee of Defendant ASI." Collie further alleges that "upon information and belief, at the time and date of the crash, Defendant Jones was employed by and/or authorized, actual, or apparent agent, servant, and/or employee of Defendant American Specialties."

ASI admits that Jones is an employee of ASI (Doc. 15). However, Defendants assert that Jones has never worked, driven, or been dispatched by American Specialties, Inc., and that American Specialties has also never employed, directed, managed, supervised, paid, trained, or controlled the activities of Jones.

## Discussion

The following claims are asserted in the Complaint: Count I - negligence against Jones; Counts II and V - *respondeat superior* against ASI and American Specialties; Count III - negligent entrustment against ASI; and Count IV - negligent hiring and retention against ASI. Defendants move to dismiss Counts III, IV, and V.

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678.

Counts III and IV allege negligent entrustment, negligent retention, and negligent hiring claims against ASI. Under Illinois law, "once an employer admits responsibility under *respondeat superior,* a plaintiff may not proceed against the employer on another theory of imputed liability such as negligent entrustment or negligent hiring." *Gant v. L.U. Transport, Inc.,* 770 N.E.2d 1155, 1158 (Ill. App. Ct. 2002). Here, ASI has admitted that Jones is its employee and it may be responsible for his actions under *respondeat superior*. Accordingly, Counts III and IV will be dismissed.

Defendants also move to dismiss Count V which asserts claims against American Specialties for *respondeat superior*. Defendants contend that Collie pleaded legal conclusions of *respondeat superior* against American Specialties "on information and belief" and failed to assert any factual basis supporting his claim that Jones was employed by American Specialties, which they maintain has never employed, directed, managed, supervised, paid, trained, or controlled the activities of Defendant Jones and did not own the commercial vehicle he was driving on the day of the accident.

Collie failed to respond to Defendants' motion, and the Court construes Collies' silence as a concession of Defendants' arguments. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (the failure to respond to an argument results in waiver, and courts can construe a party's silence as a concession). Accordingly, Count V will be dismissed.

## Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. 16) is **GRANTED**. Counts III and IV of Plaintiff's Complaint are **DISMISSED with prejudice** and Count V is **DISMISSED without prejudice**.

IT IS SO ORDERED.

DATED:  January 14, 2025

**STACI M. YANDLE**
**United States District Judge**